IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:07CR203

            Plaintiff

    v.   ORDER

Petru Adrian Vascan,

            Defendant

Pending is defendant's motion to modify sentence under Fed. R. Crim. P. 35(a). [Doc. 31]. The government opposes the motion. [Doc. 32]. Counsel has informed the court that the defendant has commenced serving his sentence of six months.

Defendant's attorney contends that I improperly gave unreasonable weight to the purpose of general deterrence in contravention of the Sixth Circuit's decision in *U.S. v. Webb*, 403 F.3d 373, 385 (6th Cir. 2004).

To be entitled to the relief he seeks, the defendant must show that I committed an "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

Defendant does not argue that I neglected to consider all the sentencing factors required by 18 U.S.C. § 3553(a). Rather, he contends that my emphasis on the principle of general deterrence caused the sentence to be invalid.

Without question, general deterrence played the major role in my sentence. I made that clear.

But my colloquy before determining what was a proper sentence and imposing sentence also makes clear that, in addition to considering all the other factors, I had reservations about the guideline computation. I told the defendant I did not believe his version of another incident, in which he had been found in possession of more than $150,000. This bore on the overall issue of acceptance of responsibility. I also questioned the pre-sentence report's assessment of his role in the offense. Despite those reservations, which I made quite clear, I did not alter the guideline computation. Had I done so, the sentence would have increased correspondingly.

The court in *Webb* did not bar giving emphasis to one factor over any other or others. All that the court stated was:

> there is no evidence in the record that the district judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent § 3553(a) factors, or giving an unreasonable amount of weight to any pertinent factor. Instead the record indicates that the district judge carefully reviewed and weighed all the relevant information provided by Webb, the government, and the probation office before arriving at Webb's sentence. As a result, we find nothing in the record that indicates that Webb's sentence is an unreasonable one with regard to the length, the factors considered, or the procedures employed by the district court in arriving at Webb's sentence.

403 F.3d at 385 [footnotes omitted].[1]

---

[1] In a note, the court expressly "decline[d] to indicate what weight the district courts must give to the appropriate Guidelines range, or any other § 3553(a) factor *Id*. at 385, n.9.

I do not read the decision in *Webb* as preventing a court from giving primary, if not exclusive, weight to one of the five factors in § 3553(a). Rather, the court simply indicated that it found nothing unreasonable in the amount of weight given to the factors considered in that case.

The crime which the defendant admitted committing – obtaining personal information from ATM machines – is as nasty as it is difficult to detect. Identity theft has massive and often lasting effects on the lives and well-being of its victims.

I made clear in pronouncing my sentence that I wanted to make as clear as possible that persons convicted of this sort of conduct should and will in this Court be treated harshly. I remain of that view, and I remain convinced that my sentence was entirely appropriate and not infected with error, much less the clear error required to grant the defendant's motion.

It is, therefore,

ORDERED THAT the defendant's motion to modify his sentence [Doc. 31] be, and the same hereby is denied.

So ordered.

s/James G. Carr  
James G. Carr  
Chief Judge